UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL NO. 06-26-DCR
CIVIL NO. 07-355-DCR

UNITED STATES OF AMERICA                                              PLAINTIFF

V.                              RECOMMENDED DISPOSITION

LESTER LAWSON                                                         DEFENDANT

\* \* \* \* \*

Pending is *pro se* Defendant Lester Lawson's § 2255 motion. *See* DE #26. In 2006, Lawson pled guilty to a single § 922(g)(1) felon in possession charge and received a thirty-five month sentence. *See* DE #23. Lawson did not pursue direct review, even though his plea agreement specifically reserved the right to appeal a sentence exceeding twelve months. *See* DE #21 ¶ 7 (hereinafter "Plea Agreement). However, in October 2007, Lawson filed a timely § 2255 motion alleging that the District Court improperly applied a four-level enhancement under U.S.S.G. § 2K2.1(b) in determining Movant's Guideline range. *See* DE #26. The United States contends that the enhancement was appropriate, but also argues that Lawson procedurally defaulted the claim by not appealing. *See* DE #31. The District Judge that sentenced Lawson referred the matter to the undersigned for a recommended disposition. Having considered the record, including the § 2255 motion, the response in opposition, and Movant's reply, *see* DE #33, the Court recommends that the District Court DENY the motion to vacate.

**Analysis**

The stipulated factual statement from the Plea Agreement reflects that Lawson, on or about July 6, 2005, visited his estranged wife's residence and threatened her with a .357 handgun.[1] *See* Plea Agreement ¶ 2(a). Authorities subsequently located Lawson and another individual at a residence in Corbin, Kentucky. Police found the handgun on a coffee table and additional ammunition for the weapon on Lawson's person. *See id.* Because of his criminal history, Lawson's possession of the handgun and/or ammunition violated 18 U.S.C. § 922(g)(1).[2] Lawson pled guilty in May 2006. *See* DE #14.

At sentencing, the District Court determined that Lawson's Guideline range was 30-37 months. *See* DE #30 at 14 (hereinafter "Sentencing"). The District Court assessed a base offense level of 14 under § 2K2.1(a). *See id.* at 13; *see also* U.S.S.G. § 2K2.1(a)(6) (2005). Because the Court decided that Lawson's July 6, 2005 behavior would have qualified as a felony under state law – first degree wanton endangerment – it also applied a four-level enhancement, per § 2K2.1(b)(5). The Court found that Defendant threatened his wife and a third person with a cocked and loaded .357 pistol. *See* Sentencing at 12-13; DE #24 ¶ 10 PSR (noting that Defendant cocked gun when he pointed it at victims); DE #20 minutes (Court adopting PSR findings); *see also* U.S.S.G. § 2K2.1(b)(5) (2005)(providing a four-level increase "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense"); KRS § 508.060 (defining first degree

---

[1] The facts in the PSR indicate that a second individual was also at the residence. *See* DE #24 ¶ 10.

[2] The Plea Agreement indicates that Lawson has a 1998 conviction for receiving stolen property, an offense punishable by a term of imprisonment exceeding one year. *See* Plea Agreement ¶ 2(c).

wanton endangerment as "conduct which creates a substantial danger of death or serious physical injury to another person," a Class D felony). After a thee-level reduction for acceptance of responsibility, Lawson's total offense level was 15. *See* Sentencing at 13. Lawson also had nine criminal history points and thus fell in criminal history category IV. *See id.* at 13-14. Based on Defendant's total offense level and criminal history category, the resulting Guideline range was 30-37 months. *See* U.S.S.G. §5A (2005).

Lawson objected to the four-level enhancement. *See* DE #18 ¶ 1. Because he had pled guilty to only a third-degree state terroristic threatening charge for a similar incident on March 16, 2005,[3] and because that offense was a Class A misdemeanor, Lawson argued that his July 6, 2005 conduct did not implicate § 2K2.1(b). *See id.*; *see also* Sentencing at 3-9; KRS § 508.080. The District Court, however, observed that it "is not bound by the determination in the prior case," and also found that the undisputed facts from July 6, 2005 "certainly would support a charge and a conviction for wanton endangerment in the first degree." *See* Sentencing at 12.

Lawson again asserts, by his § 2255 motion, that the four-level enhancement was improper. *See* DE #26 (Ground One). The Sixth Circuit never considered the matter because Lawson did not file an appeal, even though the sentencing issue was appealable under the Plea Agreement. *See* Plea Agreement ¶ 7. Because a defendant may not use a § 2255 motion as a substitute for direct review, the United States contends that Lawson defaulted the § 2K2.1(b) claim, which is the only claim

---

[3] The PSR reflects that Lawson threatened his wife and two other individuals with a shotgun on that date. *See* DE #24 ¶ 38.

3

presented by the petition.[4] *See United States v. Frady*, 102 S.Ct. 1584, 1593 (1982)("[A] collateral challenge may not do service for an appeal."); *see also Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003)("Section 2255 is not a substitute for a direct appeal."). Based on the nature of the claim and Lawson's unjustified failure to appeal, the procedural default rule applies.

According to the Supreme Court, this Court may consider the defaulted claim only if Lawson demonstrates: i) "cause" for failing to raise the issue on direct appeal and "actual prejudice," or ii) that he is "actually innocent." *See Bousley v. United States*, 118 S.Ct. 1604, 1611 (1998). In this case, the summary arguments in Lawson's petition and reply do not even address the procedural default rule, much less establish any exception.[5] The petition merely alleges that the enhancement "was unjustified." *See* DE #26 (Ground One). After the United States specifically asserted a procedural default defense in its response, Lawson's truncated reply simply continued to characterize the enhancement as "wrong" and "unlawful." *See* DE #33. Such undeveloped assertions do not satisfy *Bousley*. Indeed, even with notice that the claim may be subject to procedural default, Lawson failed to address the critical issue. Plainly, under these circumstances, federal law bars the Court from considering the § 2K2.1(b) objection. *See Frady*, 102 S.Ct. at 1593; *see also Regalado*, 334 F.3d at 528.

---

[4] An exception to the procedural default rule extends to ineffective assistance of counsel claims, which generally are not cognizable on direct appeal. *See Massaro v. United States*, 123 S.Ct. 1690, 1694 (2003); *United States v. Combs*, 369 F.3d 925, 940 (6th Cir. 2004). In this case, that exception is irrelevant.

[5] Because the motion alleges only a Guideline application error, the actual innocence prong does not apply.

The Court therefore recommends that the District Court DENY and DISMISS the § 2255 motion with prejudice.[6] The Court also recommends that the District Court refuse to certify any issue for appeal, should Lawson request such certification. When a court rejects a habeas petition on procedural grounds, a certificate of appealability should issue only when "jurists of reason would find it debatable" whether the "procedural ruling" was correct. *See Slack v. McDaniel*, 120 S.Ct. 1595, 1604 (2000). The Court's procedural determination in this case is not "debatable." *See id.*

### Conclusion

For the reasons stated, the Court RECOMMENDS that:

1) the District Court DENY and DISMISS with prejudice Lawson's motion for § 2255 relief, *see* DE #26; and

2) the District Court refuse a Certificate of Appealability as to all issues, should Lawson request issuance of a COA. *See* 28 U.S.C. § 2253.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of said statute. As defined by § 636(b)(1), Fed. R. Civ. P. 72(b), and local rule, within ten days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. *See also* Fed. R. Crim. P. 59.

---

[6]
As to the substantive argument, the District Court undoubtedly was correct:

> *Thomas v. Commonwealth*, Ky., 567 S.W.2d 299 (1978), and *Commonwealth v. Clemens*, Ky., 734 S.W.2d 459 (1987), both hold that the pointing of the weapon at another person is sufficient evidence to support the charge of wanton endangerment. . . . We hold that the pointing of a gun, whether loaded or unloaded (provided there is reason to believe the gun may be loaded) at any person constitutes conduct that "creates a substantial danger of death or serious physical injury to another person" in violation of KRS 508.060.

*Key v. Commonwealth*, 840 S.W. 2d 827, 829 (Ky. Ct. App. 1992).

5

This the 11th day of February, 2008.

Signed By:
Robert E. Wier
United States Magistrate Judge

G:\01-Clerk\2255\06-26 Lawson recommend.wpd

6