UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 6: 06-26-DCR |
| | ) | Civil Action No. 6: 07-355-DCR |
| V. | ) | |
| | ) | |
| LESTER LAWSON, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Petitioner. | ) | |

*** *** *** ***

This matter is before the Court for consideration of Defendant/Petitioner Lester Lawson's *pro se* motion to vacate, set aside, or correct a sentence filed pursuant to 28 U.S.C. § 2255. [Record No. 26] Consistent with local practice, this matter was referred to United States Magistrate Judge Robert E. Wier for consideration pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge filed his Recommended Disposition on February 11, 2008. [Record No. 34] Based on his review of the record and the applicable law, the Magistrate Judge recommended that Lawson's motion be denied because he procedurally defaulted by failing to file a direct appeal following imposition of his sentence. Lawson has failed to file any timely objections to the Magistrate's Recommended Disposition.

Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those

-1-

findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a Magistrate Judge's proposed findings of fact and recommendation waives the right to appeal. *See Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Nevertheless, having examined the record and having made a *de novo* determination, the Court is in agreement with the Magistrate Judge's Recommended Disposition.

On May 31, 2006, Lawson entered a guilty plea to a two-count Indictment charging violations of 18 U.S.C. §§ 922(g)(1), 924(d)(1) and 28 U.S.C. § 2461. Thereafter, on October 16, 2006, he was sentenced to 35 months of imprisonment and three years of supervised release. [Record No. 23] Even though Lawson reserved the right to appeal any sentence exceeding twelve months, he did not pursue a direct appeal. Thus, his conviction became final ten days after the judgment was entered, excluding holidays and weekends. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004).

In October 2007, Lawson filed a motion under 28 U.S.C. § 2255, claiming that a four-level enhancement applied at his sentencing hearing to determine his guideline range was improper because the underlying conviction was for third-degree terroristic threatening under Kentucky law (a Class A misdemeanor).[1] The Magistrate Judge rejected this argument in his Recommended Disposition, concluding that Lawson failed to raise the issue via a direct appeal and that he may not use a § 2255 motion as a substitute for direct review. [Record No. 34] And as noted by the Magistrate Judge, the Court may only consider a defaulted claim on collateral

---

[1] The Court concluded that it was not bound by the state court determination and that the undisputed facts would support a charge and a conviction for wanton endangerment in the first degree.

review if the petitioner is able to demonstrate: (i) "cause" for failing to raise the issue on direct appeal and "actual prejudice," or (ii) that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614 (1998). Here, Lawson has failed to address the procedural default rule or any exception to it. Instead, is simply asserts that the challenged enhancement was not justified, wrong and unlawful. [Record Nos. 26 & 33] And as the Magistrate Judge properly concluded, such undeveloped assertions do not satisfy *Bousley*. *United States v. Frady*, 556 U.S. 152 (1982).

Finally, because the claims asserted in Lawson's motion pursuant to § 2255 are clearly procedurally defaulted, he has failed to demonstrate a substantial factual conflict warranting an evidentiary hearing or a substantial showing of the denial of a constitutional right entitling him to a Certificate of Appealability. Accordingly, it is hereby

**ORDERED** as follows:

1. The Magistrate Judge's Recommended Disposition [Record No. 34] is **ADOPTED** and **INCORPORATED** by reference.

2. Lawson's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 [Record No. 26] is **DENIED**.

3. A Certificate of Appealability shall not issue because Lawson has not made a substantial showing of the denial of any substantive constitutional right;

4. This habeas proceeding shall be **DISMISSED** and **STRICKEN** from the docket.

This 3rd day of March, 2008.

